This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.                 **NO. 30,610**

**CHRISTOPHER FRANK,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant is appealing from a district court judgment and sentence filed after he entered a conditional guilty plea to DWI and child abuse. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition. Finding it unpersuasive, we affirm.

Defendant's conditional plea agreement [RP 64] reserved the right to raise on appeal the issue of whether the district court erred in denying his motion to suppress, which argued that the stop of his vehicle lacked reasonable suspicion. [RP 35] "In making a determination about reasonable suspicion, a reviewing court must look at the totality of the circumstances." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964. "Police officers possess reasonable suspicion when they are aware of specific articulable facts that, judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *Id.* (internal quotation marks and citation omitted).

Here, the officer received a dispatch informing him that a male individual was denied alcohol sales based on intoxication and had left the gas station at mile marker 38 on Highway 64. [MIO 1; DS 3] The officer was given specific information with respect to the description of the vehicle—that it was a grey, four-door, passenger vehicle with tinted windows and a license plate with the last digit "3." [MIO 1; DS 3] The officer observed a vehicle heading east and pulling into a gas station

approximately four miles from the location of the tip. [MIO 1-2; DS 3] The vehicle was a grey, four-door passenger vehicle with tinted windows and a license plate with the last digit "3." [MIO 1-2; DS 3] The officer initiated the stop at this time. [MIO 2; DS 3]

Defendant continues to argue that the officer did not have reasonable suspicion because the stop was based solely on the tip from the citizen. We agree that "[a]n anonymous tip . . . must be suitably corroborated or exhibit sufficient indicia of reliability to provide the police reasonable suspicion to make an investigatory stop." *State v. Contreras*, 2003-NMCA-129, ¶ 5, 134 N.M. 503, 79 P.3d 1111. As indicated above, the office did, in fact, corroborate the information provided by the caller. *Contreras* also points out that citizen-informants are considered to be more reliable than other types of informants, and thus are subject to less stringent credibility verification requirements. *Id.* ¶ 10. Further, a drunk driver involves safety concerns for the public that give rise to exigent circumstances that justify stopping such a driver. *Id.* ¶¶ 13-15. Even without the added exigency of the drunk driver concern, this Court has indicated that the type of information provided in this case, particularly the predictive information, justifies a vehicle stop. *See State v. Flores*, 1996-NMCA-059, ¶¶ 7-10, 122 N.M. 84, 920 P.2d 1038 (finding reasonable suspicion where tip corroborated by description of vehicles, direction of travel, and arrival at

3

described location).

In his memorandum in opposition, Defendant refers us to *State v. Aguilar*, 2007-NMCA-040, ¶ 18, 141 N.M. 364, 155 P.3d 769, where this Court concluded "that the specific facts articulated by the officer were not sufficiently individualized or particularized to create reasonable suspicion that [the d]efendant had committed or was committing a traffic violation or other crime." [MIO 5] However, the facts in *Aguilar* bear no resemblance to the present case—that case involved reasonable suspicion based on a vehicle traveling at 2 a.m. with a dealer's temporary demonstration tape. *Id.* ¶ 1. The present case involves a citizen tip and, as explained above, there was sufficient corroboration of the tip to support reasonable suspicion under our applicable case law.

For the reasons set forth above, we to affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

4

_____

**ROBERT E. ROBLES, Judge**